**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| OPERATING ENGINEERS LOCAL NO. 101 PENSION FUND;<br><br>OPERATING ENGINEERS LOCAL NO. 101 HEALTH AND WELFARE FUND;<br><br>OPERATING ENGINEERS LOCAL NO. 101 VACATION FUND;<br><br>OPERATING ENGINEERS LOCAL NO. 101 JOINT APPRENTICESHIP AND SKILL IMPROVEMENT FUND;<br><br>SCOTT RETTIG as a Co-Chairman of the LOCAL NO. 101 PENSION FUND and LOCAL NO. 101 HEALTH & WELFARE FUND, and as Chairman of the LOCAL NO. 101 VACATION FUND and LOCAL NO. 101 JOINT APPRENTICESHIP AND SKILL IMPROVEMENT FUND; and<br><br>INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 101;<br><br>      Plaintiffs,<br>v.<br><br>CONCRETE STRATEGIES LLC<br>(d/b/a "Concrete Strategies" or "CSI")<br>2199 Innerbelt Business Center Drive<br>St. Louis, Missouri 63114<br><br>Defendant's Registered Agent:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101<br><br>      Defendant. | Case No. 19-634 |

# COMPLAINT

Plaintiffs, for their cause of action against Defendant Concrete Strategies LLC, state as follows:

## NATURE OF CASE

1. This is an action to collect fringe benefit contributions from Defendant due and owing the Plaintiff Funds, under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and membership dues from Defendant due and owing the Plaintiff Union, pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185.

## PARTIES

2. Plaintiff Operating Engineers Local No. 101 Pension Fund ("Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester Avenue, Suite 250, Kansas City, Missouri. The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3. Plaintiff Operating Engineers Local No. 101 Health and Welfare Fund ("Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester Avenue, Suite 250, Kansas City, Missouri. The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

4. Plaintiff Operating Engineers Local No. 101 Vacation Fund ("Vacation Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester Avenue, Suite 250, Kansas City, Missouri. The Vacation Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5. Plaintiff Operating Engineers Local No. 101 Joint Apprenticeship and Skill Improvement Fund ("Apprenticeship Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 6601 Winchester Avenue, Suite 250, Kansas City, Missouri. The Apprenticeship Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

6. Plaintiff Scott Rettig is co-Chairman of the Pension Fund and Health & Welfare Fund, and Chairman of the Vacation Fund and Apprenticeship Fund. Mr. Rettig is a proper party to this action based on his official capacity and fiduciary duties to the Funds, including the collection of contributions due the Funds.

7. Plaintiff International Union of Operating Engineers Local No. 101 ("Local 101") is a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the LMRA, 29 U.S.C. §§ 152 and 185(a); and maintains its principal office at 6601 Winchester Avenue, Suite 280, Kansas City, Missouri. Local 101 is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 185(b).

8. The Pension Fund, Health & Welfare Fund, Vacation Fund, and Apprenticeship Fund (collectively, "the Plaintiff Funds") are each "multi-employer plans" within the meaning of 29 U.S.C. § 1002(37) and have been established pursuant to § 302 (c)(5) of the LMRA, 29 U.S.C. § 186 (c)(5).

9. Defendant Concrete Strategies LLC (d/b/a "Concrete Strategies or "CSI") is a limited liability company organized under and existing by virtue of the laws of the state of Missouri, with its principal place of business at 2199 Innerbelt Business Center Drive, St. Louis, Missouri. Defendant's registered agent, CSC-Lawyers Incorporating Service Company, is located at 221 Bolivar Street, Jefferson City, Missouri. Defendant is an employer within the

3

meaning of 29 U.S.C. § 1002(5) and is an employer affecting commerce within the meaning of § 2 of the LMRA, 29 U.S.C. § 152.

## JURISDICTION

10. This Court has jurisdiction of Plaintiffs' claims under 29 U.S.C. §§ 185(c), 1132, and 1145; and also under 28 U.S.C. § 1331.

11. Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## CAUSE OF ACTION:

## FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS AND DUES

12. Defendant was a party to collective bargaining agreement(s) with Local 101. The collective bargaining agreements were in effect at all times relevant to this action.

13. At all times relevant to this action, Defendant did employ employees who have performed work covered by the collective bargaining agreements and in Local 101 jurisdiction.

14. Each of the Plaintiff Funds is established and operates pursuant to a written agreement and declaration of trust. These agreements and declarations of trust are incorporated by reference into and are a material part of the collective bargaining agreements between Local 101 and Defendant.

15. The collective bargaining agreements entered into between Local 101 and Defendant require Defendant to contribute to the Funds monthly. Defendant must contribute to each of the Funds based on the number of hours worked by its employees who are covered by the collective bargaining agreements.

4

16. The collective bargaining agreements further provide that Defendant must submit monthly written reports to each of the Plaintiff Funds regarding the number of covered employees, the wages paid to those employees, and the amounts payable to the respective Funds.

17. The collective bargaining agreements, which incorporate the agreements and declarations of trust of the Funds, as well as any duly-adopted rules of the Funds, require that contributions to the Funds be made by the 10th of the month following the month in which the hours of work covered by the collective bargaining agreements was performed. Payments not made by the 25th day of the following month are deemed delinquent.

18. The collective bargaining agreements and the Plaintiff Funds' agreements and declarations of trust provide that the Plaintiffs are entitled to liquidated damages, costs and attorneys' fees for the collection of any delinquent contributions owed for pension, health and welfare, vacation, apprenticeship, the Industry Advancement Fund, the Construction Industry Substance Abuse Program (CISAP) and supplemental dues.

19. Under 29 U.S.C. § 1132(g)(2)(B), the Plaintiff Funds are entitled to recover interest on any delinquent contributions at a rate prescribed in 26 U.S.C. § 6621.

20. The Plaintiff Funds are entitled to audit any books, records, papers, and reports of Defendant necessary to determine or verify the amounts due to the Plaintiff Funds under the collective bargaining agreements under the collective bargaining agreements, Fund agreements, declarations of trust, and the applicable law. Under such agreements, declarations, and applicable law, the cost of such an audit is a cost of this action and must be awarded to the Funds and against Defendant.

21. In 2016 and 2017, an auditor on behalf of Plaintiff Funds performed an audit of Defendant's contributions and produced reports for the audit from January 2013 through April 2016, and from May 2016 through April 2017.

22. The audit revealed that Defendant omitted many hours of covered work in its reports, improperly subcontracted work, and also never made the requisite contributions for those unreported and improperly subcontracted covered hours to the Plaintiff Funds.

23. The audit revealed Defendant significantly unreported and underreported employees' hours and estimated the amount of contributions owed to the Plaintiff Funds totaled $538,113.74 in delinquent contributions for unreported and underreported employees' hours.

24. The audit revealed Defendant significantly improperly subcontracted work covered by the collective bargaining agreements.

25. Despite demands made by and on behalf of Plaintiffs, Defendant has refused and continues to refuse to make such contributions. Defendant has breached the collective bargaining agreements, and, therefore, is liable to the Plaintiff Funds for all delinquent contributions due and owing on the hours of unreported covered work.

26. The Plaintiff Funds have incurred attorneys' fees and other costs in an effort to remedy Defendant's breach of the collective bargaining agreements. The Plaintiff Funds are entitled to recover those fees and costs under the terms of the collective bargaining agreements and by statutory right, pursuant to 29 U.S.C. § 1132(g).

27. The Plaintiffs are also entitled to recover liquidated damages and interest under the terms of the collective bargaining agreements and the law. Defendant has incurred liquidated damages and interest for the outstanding and untimely contributions for the hours of unreported and improperly subcontracted covered hours.

28. The collective bargaining agreements entered into between Local 101 and Defendant require Defendant to deduct supplemental dues from the wages of all covered employees based upon each payroll hour worked by the employees covered by the collective bargaining agreements.

29. The terms of the collective bargaining agreements require Defendant to transmit the supplemental dues by the 10th of each month following the month in which the work was performed. Dues that are not transmitted by the 25th day of the month following the month in which the work was performed are deemed delinquent.

30. Defendant never remitted supplemental dues to Local 101 for the unreported and improperly subcontracted covered hours. Despite demands made by and on behalf of the Local Union, Defendant has refused and continues to refuse to make such transmittal of supplemental dues. Defendant is in breach of the collective bargaining agreements and is liable to Local 101 for all delinquent dues transmittals for the unreported hours.

31. Because it failed to honor the terms of the collective bargaining agreements, Defendant is liable to the Plaintiffs for the delinquent contributions, dues, and other amounts that remain due and owing on the hours of unreported and improperly subcontracted covered hours, for liquidated damages assessed thereon, and any interested accrued thereon. Defendant is liable to Plaintiffs for hours worked by underreported and unreported employees totaling $538,113.74 in delinquent contributions, with liquidated damages to be determined and interest to be assessed. Defendant is liable to Plaintiffs for hours improperly subcontracted in delinquent contributions, with liquidated damages to be determined and interest to be assessed.

32. The Plaintiffs have incurred and continue to incur attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay fringe benefit contributions, dues, and other

7

Case 4:19-cv-00634-GAF   Document 1   Filed 08/12/19   Page 7 of 8

amounts. The Plaintiffs are entitled to recover these fees and costs pursuant to the terms of the collective bargaining agreements and by law.

33. Plaintiffs and Defendants entered into an agreement to toll the statute of limitations in December 2017, and by operation of a letter sent in August 2019, the statute of limitations remained tolled until at least September 6, 2019.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

A. Finding that Defendant is liable to all of the Plaintiffs for an amount to be determined and entering judgment against Defendant and in favor of the Plaintiffs accordingly;

B. Awarding the Plaintiffs their costs of this action and the reasonable attorneys' fees attributable to the collection of fringe benefit fund contributions, CISAP contributions, Supplemental dues, and Industry Advancement contributions;

C. Awarding the Plaintiffs interest on all overdue amounts at the rate prescribed by 26 U.S.C. § 6621; and

D. Granting the Plaintiffs such other relief that the Court deems just and proper, including contributions, dues, liquidated damages, interest, and other costs that accrue or become due during the pendency of this action.

Respectfully submitted,

**BLAKE & UHLIG, P.A.**

/s/ Samantha L. Groark
Jason R. McClitis, MO #61611
Samantha L. Groark, MO #70980
753 State Avenue, Suite 475
Kansas City, KS 66101
(913) 321-8884 – Phone
(913) 321-2396 – Fax
jrm@blake-uhlig.com
slg@blake-uhlig.com
**ATTORNEYS FOR PLAINTIFFS**